# CILENTI & COOPER, PLLC

ATTORNEYS AT LAW

10 Grand Central
155 East 44th Street – 6th Floor
New York, New York 10017

Telephone (212) 209-3933
Facsimile (212) 209-7102

**REQUEST FOR APPROVAL
OF AN FLSA SETTLEMENT**

December 1, 2020

**VIA ECF**

Hon. Sanket J. Bulsara, U.S.M.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> *Re:*     ***Castillo v. Premium of Jackson Heights, LLC., et al.,***
> ***Case No. 20-CV-1140 (SJB)***

Dear Judge Bulsara,

We are counsel to the plaintiff, Fausto Castillo ("Plaintiff"), in the above-referenced matter (the "Action"). We write jointly with counsel for the defendants Premium of Jackson Heights, LLC, Michael Mignano, and Sabbir Ahmed (collectively, the "Defendants;" together with Plaintiff, the "Parties") to confirm that the Parties have resolved this matter. The Parties consented to this Court's jurisdiction for all purposes, *see* Dkt. 16, and now request that the Court approve the Parties' proposed settlement.

As Plaintiff's Action and claims arise under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), the Parties' settlement must be approved by this Court. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. Aug. 7, 2015). The FLSA expressly prohibits settlement of any right to unpaid minimum wages or unpaid overtime claims by employees, made pursuant to 29 U.S.C. §§ 206-07, without the supervision of the Secretary of Labor. 29 U.S.C. §216(c) (noting that a supervised settlement agreement "shall constitute a waiver by such employee of any right he may have [to pursue a private cause of action under FLSA"]). Courts have allowed an additional exception to the FLSA's restriction on settlement to include judicially-supervised stipulated settlements. *See Manning v. New York Univ.*, No. 98 Civ. 3300 (NRB), 2001 WL 963982, \*12-13 (S.D.N.Y. Aug. 22, 2001) (*citing D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108, 113 n.8 (1946) and *Lynn's Food Stores, Inc. v. United States ex. rel. U.S. Dept. of Labor*, 679 F.2d 1350 (11th Cir. 1982)).

Hon. Sanket J. Bulsara, U.S.M.J.
December 1, 2020
Page 2

*Simel v. JP Morgan Chase*, No. 05 Civ. 9750 (GBD), 2007 WL 809689, \*4 (S.D.N.Y. Mar. 19, 2007). *See also Sampaio v. Boulder Rock Creek Developers, Inc.*, No. CV-07-153 (ETB), 2007 WL 5209390 (E.D.N.Y. Sept. 6, 2007) (approving settlement); *Medley v. Am. Cancer Soc.*, No. 10 Civ. 3214 (BSJ), 2010 WL 3000028 (S.D.N.Y. July 23, 2010) (same).  The Parties have executed a written settlement agreement (the "Agreement"), a copy of which is submitted simultaneously herewith, and jointly ask the Court to approve the Agreement and dismiss the Action with prejudice, retaining jurisdiction only to enforce the terms of the settlement.

### Damages Calculations

According to Plaintiff, he worked as a non-exempt dishwasher for the Defendants' restaurant between in or about March 2019 and February 2020, during which time he was paid on a salary basis of $550 per week for all hours worked.  He alleges working fifty-six (56) hours per week during that period, and that he was not paid statutory overtime premium for hours worked in excess of forty (40) per week.

Under Plaintiff's allegations, in a "best case scenario," Plaintiff calculated that he is owed approximately $19,680 in underlying uncompensated overtime compensation.  That amount is doubled when including liquidated damages.

Under the terms of the Settlement, Plaintiff will receive more than the full minimum wage and/or overtime back-pay to which he alleges he is entitled.

### Settlement and Attorneys' Fees

Shortly after the commencement of the action, the Parties began engaging in good-faith settlement negotiations, which concluded with the Parties agreeing to resolve Mr. Castillo's wage and hour claims against the Defendants for a total of $38,000.  Of the total settlement, Plaintiff will receive $25,067.92; and counsel for Plaintiff will receive $12,932.08 in fees and costs.

The Parties represent to the Court that the settlement reached in this amount is a fair and reasonable resolution of a *bona fide* dispute reached as a result of extensive arm's-length negotiations between the Parties through their attorneys. The amount of the settlement is to be paid in full within ten (10) days after the Court approves the Agreement and enters an Order dismissing the Action.

In considering whether a settlement is fair and reasonable, the principal question is "whether the agreement reflects a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." *Le v. SITA Info. Networking Computing USA, Inc.*, No. 07 Civ. 86 (JS) (MLO), 2008 WL 724155 at \*1 (E.D.N.Y. Mar. 13, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)).

This settlement was reached as a result of arm's-length negotiations between opposing counsel.  Courts typically regard the adversarial nature of a litigated FLSA case to be an

Hon. Sanket J. Bulsara, U.S.M.J.
December 1, 2020
Page 3

indicator of the fairness of the settlement. *See, e.g., Aponte v. Comprehensive Health Management, Inc.*, No. 10 Civ. 4825 (JLC), 2013 WL 1364147 at *4 (S.D.N.Y. Apr. 2, 2013) (quotation and citation omitted). Additionally, both counsel in this case are well-versed in the prosecution and defense of wage and hour actions.

We believe the settlement makes Plaintiff whole even while accounting for the deduction of legal fees and costs. For that reason, and considering the risks to Plaintiff of potentially receiving less at the conclusion of trial relating to Defendants' dispute of certain facts, including hours worked, we respectfully submit that this settlement is fair and reasonable under the common application of such analysis.

Pursuant to this firm's retainer agreement with Plaintiff, our firm seeks retain one-third of the net proceeds of the settlement after expenses are deducted.[1] Therefore, counsel seeks $12,532.08 in fees, and $400 in costs, for a total fee application of $12,932.08.

Attorneys' fees in FLSA settlements are examined, to ensure that the interests of plaintiff's counsel in his own compensation did not adversely affect the extent of the relief counsel procured for the clients. *See Wolinsky v. Scholastic*, 900 F.Supp.2d 332, 336 (S.D.N.Y. 2012). In this case, Plaintiff's counsel fee of one-third is reasonable. Of course, had the case proceeded, assuming Plaintiff prevailed, Plaintiff's counsel would have made a fee application for much more than the amount currently sought in fees.

While the Second Circuit's ruling in *Cheeks* did not outline the factors for approving a settlement, certain red-flag issues were identified, such as the inclusion of confidentiality provisions, general releases, and attorneys' contingency fees over in excess of 40%. *Id.* at 206. This Agreement contains no such red flags. Moreover, since the *Cheeks* decision, courts routinely hold that a contingency fee award is presumptively valid where "the proposed fee amount is exactly one-third of the net settlement amount, which is an amount routinely approved under the percentage method," "particularly where it is pursuant to a previously negotiated retainer agreement." *See Yunjian Lin v. Grand Sichuan 74 St Inc.*, No. 15 Civ. 2950, 2018 U.S. Dist. LEXIS 110266, at *15-16 (S.D.N.Y. July 2, 2018) (citations omitted); *Daniels v. Haddad*, 17 Civ. 8067, 2018 U.S. Dist. LEXIS 212861, at *2-3 (S.D.N.Y. Dec. 17, 2018). Here, Plaintiff agreed to a one-third contingency retainer agreement with counsel in connection with his wage-and-hour claims.

For all of the reasons set forth above, the parties respectfully request that the Court approve the Agreement and enter the proposed Stipulation and Order of Dismissal, which is being submitted simultaneously herewith, that expressly provides that the Court will retain jurisdiction over this matter solely for purposes of enforcing the Agreement.

Respectfully submitted,

Justin Cilenti

---

[1] The firm's expenses total approximately $400 consisting of the filing fee to commence the action.

Hon. Sanket J. Bulsara, U.S.M.J.
December 1, 2020
Page 4

cc: Matthew Feinman, Esq. (by ECF)